UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11396 JLT

AGA FLAGSHIP CORP.

v.

FLAGSHIP GROUP LIMITED and
BROWN & BROWN, INC.

### ANSWER AND JURY CLAIM OF THE DEFENDANTS, FLAGSHIP GROUP LIMITED AND BROWN & BROWN, INC.

The defendants, Flagship Group Limited and Brown & Brown, Inc., respond to the allegations contained in the plaintiff's complaint as follows:

1. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 of the plaintiff's Complaint.

2. The defendant, Flagship Group Limited admits that it is a foreign corporation with a usual place of business in Norfolk, Virginia and that it has transacted business within the Commonwealth of Massachusetts and denies the balance of the allegations contained in paragraph 2 of the plaintiffs' complaint.

3. The defendant, Brown & Brown, Inc. admits that it is a foreign corporation and has transacted business within the Commonwealth of Massachusetts and denies the balance of the allegations contained in paragraph 3 of the plaintiffs' complaint.

4. The defendants admit that Flagship Group Limited is a wholly owned subsidiary of Brown & Brown, Inc.

## COUNT I

### (AGA Fishing Corp. v. Flagship Group)

5.  The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the plaintiff's Complaint.

6.  The defendants admit that Flagship Group Limited was a broker that assisted the plaintiff in obtained protection and indemnity insurance for the vessel known as F/V GEORGI J and deny the balance of the allegations contained in paragraph 6 of the plaintiff's complaint.

7.  The defendants deny the allegations contained in paragraph 7 of the plaintiff's complaint.

8.  The defendants deny the allegations contained in paragraph 8 of the plaintiff's complaint.

9.  The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the plaintiff's Complaint.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the plaintiff's Complaint.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the plaintiff's Complaint.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

## COUNT III (sic)

### (AGA Fishing Corp. v. Brown & Brown)

13. The defendants admit that Flagship Group Limited is a wholly owned subsidiary of Brown & Brown, Inc. and deny the balance of the allegations contained in paragraph 13 of the plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's complaint fails to state a claim against the defendant upon which relief can be granted.

### Second Affirmative Defense

If the plaintiff was damaged as alleged in the complaint any such damage was a result of acts or omissions of persons or entities over whom the defendant had no control and for whose conduct the defendant was not legally responsible.

### Third Affirmative Defense

The defendants acted in good faith and exercised appropriate judgment with respect to their interpretation, decisions, determinations and other actions and are therefore entitled to immunity from the claims asserted in this action.

### Fourth Affirmative Defense

The plaintiff's complaint is barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense

The plaintiff is barred from recovery by the principle of election of remedies.

### Sixth Affirmative Defense

The plaintiff's complaint is barred as the defendants owed no duty to the plaintiff to procure insurance coverages that were not requested by the plaintiff.

### Seventh Affirmative Defense

The plaintiff is barred from recovery since the negligence of the plaintiff was equal to greater than any negligence of the defendants as alleged in the complaint.

### Eighth Affirmative Defense

If the plaintiff was damaged as alleged in the complaint, such damages must be reduce or diminished pursuant to Mass. Gen. Laws c. 231 §85 as a result of the negligence of the plaintiff.

### Ninth Affirmative Defense

The plaintiff has failed to mitigate his alleged damages and to that extent may not reco from the defendants.

### Tenth Affirmative Defense

The plaintiff is barred from recovery by the statute of frauds.

### Eleventh Affirmative Defense

The plaintiff's claim is barred by the applicable statute of limitations.

### Twelfth Affirmative Defense

The plaintiffs' complaint is barred by the doctrine of accord and satisfaction.

### **JURY CLAIM**

The defendants respectfully demand a trial by jury on all triable issues to the fullest extent permitted by law.

Respectfully submitted,
FLAGSHIP GROUP LIMITED and
BROWN & BROWN

By their attorneys

_____
Michael J. Stone, Esq.
BBO # 482060
Patrick J. Dolan, Esq.
BBO # 564250
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110
(617) 973-6100

## CERTIFICATE OF SERVICE

I, Michael J. Stone, hereby certify that on this 14th day of September, 2005, I served the above document by first-class mail, postage prepaid on Joseph E. Abromovitz, Esq., 858 Washington Street, 3rd Floor, Dedham, MA 02026.

_____
Michael J. Stone

PABOS2:MSTONE:620669_1