UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11396 JLT

```
***********************************************
AGA FISHING CORP.                       *
                                        *
v.                                      *
                                        *
FLAGSHIP GROUP LIMITED and              *
BROWN & BROWN, INC.                     *
***********************************************
```

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION TO AMEND COMPLAINT

Court-permitted discovery to date has disclosed a number of important facts that directly relate to the liability of the defendants to the Plaintiff, AGA Fishing Corp. (hereafter "AGA".  The pertinent facts that have been discovered are as follows:

1.     That Brown & Brown, Inc. acquired the assets of Flagship Group Limited via a stock purchase agreement in November, 2000.  That soon thereafter Brown & Brown closed Flagship's Massachusetts office.

2.     That once Flagship closed its New Bedford, MA office in 2001 it no longer had any office located within the Commonwealth of Massachusetts.

3.     That Flagship's last filings with the Office of the Commissioner of Insurance for the Commonwealth of Massachusetts were in 2001.

4.     That after closing its New Bedford office, with the exception of only two (2) accounts that were handled by other broker/producers for Flagship, all remaining Massachusetts accounts were handled by John S. "Jack" Devnew.

5. That prior to April, 2003, when Devnew solicited the sale of the insurance policies to AGA and May, 2003, when the policy year commenced, Devnew was neither a duly licensed insurance broker, producer or agent in the Commonwealth of Massachusetts or exempted/waived therefrom.

6. That once Flagship closed its Massachsuetts office all solicitations/negotiations for the sale to vessel owners in Massachusetts by Devnew violated M.G.L. c. 175, Sec. 162 which required, in the event of a solicitation/negotiation of an insurance policy in Massachusetts by a broker who was not working out of a Massachusetts office, that said solicitation/negotiation "shall be by a duly licensed broker or agent".  There is no evidence that Devnew, prior to May, 2003, either sought or obtained a non-resident producers license or waiver therefrom per M.G.L. c. 175, Sections 162 N&O.

7. That independent of the issue of whether Devnew's activities in Massachusetts were in violation of the law Devnew confirmed at his deposition the following facts relative to Flagship as being true **prior** to his solicitation of the sale of insurance policies to AGA in connection with the policies that were sold to AGA for the policy year of May 1, 2003 thru May 1, 2004:

a. Devnew testified at his deposition that in the timeframe that he was servicing the Jones account Flagship held itself out as having expertise necessary to offer the appropriate insurance services for the maritime industry and cover all types of marine liabilities.  (p. 41).

      b.      That it would be reasonable to portray Flagship as having "unequaled expertise and experience in the fishing vessel industry." (p. 41-42).

      c.      That Flaghip represented that it "systematically and comprehensively examined . . . [ the insured's] potential maritime exposure, recognizing that "protecting your corporate business risks is our primary concern." (p. 42).

Devnew testified that each of these representations by Flagship were matters of which he was aware prior to soliciting the issuance of the last policy on in late April, 2003. (p. 42-43). The Capaldi accident happened in November, 2003, during the policy period for the policy that started on May 1, 2003.

      8.      That there were two Massachusetts scallop fishing vessel accounts that were serviced by brokers for Flagship other than Mr. Devnew. Each of the vessels owned by the owners of these vessels had $5,000,000 in protection and indemnity coverage for each of their vessels.

      9.      That the cost of increasing the P&I coverage from the $1,000,000 that AGA had for its vessel to $5,000,000 total would have cost AGA less than an additional $5,000 in premiums for a crew of 6/7 for the policy year starting 2003.

      10.      There is no evidence that Devnew/Flagship ever advised AGA that it was underinsured; nor is there any evidence that Devnew/Flagship ever provided a quote to AGA for the premium cost for increasing the P&I from $1,000,000 to $5,000,000.

These facts create additional exposures for Flagship for more than mere negligence. The purpose of the proposed amended complaint is to (1) modify the factual allegations in the Complaint to conform with facts discovered to date and (2)

join in the lawsuit the additional theories of liability available to AGA against Flagship so as to hold it accountable for the damages AGA sustained as a result of being underinsured. Moreover there is no evidence to date that Brown & Brown ever properly supervised Flagship's activities in Massachusetts. An additional count on that basis against Brown & Brown is included in Plaintiff's proposed amended complaint.

    While leave of Court is required for the Complaint to be amended Per Rule 15(a) leave of court "shall be freely granted when justice so requires". Respectfully, justice requires that Plaintiff be given the opportunity to pursue all remedies available to it that the facts support.

    A proposed Amended Complaint is submitted herewith.

Dated: July 10 , 2006
    The Plaintiff, AGA FISHING CORP.,
By its attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz
_____
Joseph G. Abromovitz
BBO No. 011420
858 Washington Street
Dedham, MA 02026
Phone: (781) 329-1080

## CERTIFICATE OF SERVICE

    I, Joseph G. Abromovitz, counsel for the plaintiff, hereby certify that on the 10th day of July, 2006 I served a copy of the within document via postage prepaid mail to the following counsel of record:

Michael J. Stone
Peabody & Arnold, LLP
30 Rowes Wharf

Boston, MA 02110                    s/Joseph G. Abromovitz
                                    _____
                                    Joseph G. Abromovitz