UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11396 JLT

```
***********************************************
AGA FISHING CORP.                    *
                                     *
v.                                   *
                                     *
FLAGSHIP GROUP LIMITED and           *
BROWN & BROWN, INC.                  *
***********************************************
```

# PLAINTIFF'S AMENDED COMPLAINT

## Parties and Jurisdiction

1. The plaintiff is a Massachusetts corporation with a usual place of business in New Bedford, Massachusetts.

2. The defendant, Flagship Group, Limited (hereafter "Flagship") is a foreign corporation with a usual place of business in Norfolk, Virginia that at all times material hereto has transacted extensive business within the Commonwealth of Massachusetts within the meaning of the Massachusetts Long Arm Statute, M.G.L. c. § 223A, § 3(a) and that contracted to insure plaintiff's vessel within the meaning of § 223A, § 3(f).

3. The defendant, Brown & Brown, Inc., (hereafter "Brown & Brown") is a foreign corporation that at all times material hereto has transacted a substantial amount of business within the Commonwealth pursuant to the Massachusetts Long Arm Statue, M.G.L. c. 223A § 3(a).

4. At all times material hereto Flagship Group Limited is/was a division of Brown & Brown, Inc.

## COUNT I
### AGA Fishing Corp. v. Flagship Group, Ltd.
### (Negligence)

5.      At all times material hereto the plaintiff owned, operated and controlled the F/V GEORGIE J, a scalloper operating out of New Bedford, Massachusetts.

6.      At all times material hereto the protection and indemnity insurance for said vessel was brokered through the defendant, Flagship Group. Ltd.  That starting in or about 2001 the AGA account was handled by Jack Devnew, a Flagship "producer".

7.      That prior to April, 2003 Flagship, through both its advertising and via its agents servants and employees, at all times material hereto held itself out as to vessel owners and operators as having a practice to ". . . systematically and comprehensively examine . . . a vessel owner/operator's] maritime exposures, recognizing that protecting your corporate business risks is our primary concern".

8.      That, in order to comply with its practice stated above the defendant, Flagship Group, Ltd., through its agents, servants and employees and Devnew, as the Flagship agent/employee handling the AGA account, had a duty to keep informed as to information relative to the scallop fishing industry in the Commonwealth of Massachusetts, including but not limited to (1)  the gross revenues of scallop fishing vessels; (2)  the earnings of crewmembers aboard scallop fishing vessels; and (3) the value of scallop fishing permits, so that Devnew and Flagship could properly assess a vessel owner's maritime exposure and thereby protect its corporate business by being adequately insured in the event of a serious injury occurring to a crewmember of its

vessel under circumstances where AGA could be liable.  Flagship and Devnew failed to do so.

9.  By failing to keep abreast of the information set forth in paragraph 8, *supra,* the defendant breached said duty of care under the circumstances in that Flagship & Devnew failed to properly advise the plaintiff of the need for protection and indemnity insurance coverage over $1,000,000, the cost associated therewith and the consequences of being underinsured.

10.  That on or about November 25, 2003 Victor P. Capaldi was serving as a seaman and member of the crew of the F/V GEORGIE J when he sustained a serious injury due to an alleged defective/unseaworthy condition aboard said vessel.  That in said accident Mr. Capaldi was seriously injured, creating exposure to the plaintiff well in excess of the $1,000,000 protection and indemnity insurance afforded through the efforts of the defendant, Flagship Group Limited.

11.  That because it was underinsured AGA Fishing Corp's only vessel, the F/V GEORGIE J, was seized by the United States Marshall and the vessel, its appurtenances and its fishing license were sold at auction for $1,700,000.  All of the proceeds of the sale went to either satisfy the mortgagee for said vessel or were paid to Mr. Capaldi as compensation for his injuries.

12.  That the effect of the seizure and sale of its vessel, appurtenances and license has caused an end to the business of AGA Fishing Corp., and the loss of its reasonably anticipated revenues.

13. That as a proximate consequence of the defendant's negligence the plaintiff has sustained the loss of its only assets plus anticipated business revenues estimated at $2,500,000 for total damages of $4,200,000.

WHEREFORE, plaintiff demands judgment against defendant, **Flagship Group Limited**, in the amount of **$4,200,000**.

## COUNT II
### AGA Fishing Corp. v. Flagship Group, Ltd.
### (Negligent Misrepresentation)

14. Plaintiff incorporates herein paragraphs 1 thru 13, supra.

15. That when Flagship closed its Massachusetts the principals of AGA expressed concern about continuing to do business with Flagship. To allay their concerns they were assured by Flagship's agents, servants and employees that Flagship would remain available to take care of all AGA's maritime insurance needs.

16. That in the course of its business the defendant, Flagship, negligently and/or incompetently supplied false information for the guidance of AGA in its insurance business transactions.

17. That Plaintiff justifiably relied upon Flagship to properly advise it of the amount of insurance coverage necessary to protect its business risks so as not to lose its business as a result of a serious accident/injury to a crewmember.

18. That in order to be adequately insured Flagship should have advised AGA to have at least $5,000,000 in protection and indemnity coverage, the cost of which was minimal.

19.     That in negligent breach of its practices as set forth, *supra,* Flagship failed to advise AGA that it was underinsured.

20.     That as a proximate cause of its negligent misrepresentation AGA lost its business and all revenues reasonably anticipated from ongoing business activities.

WHEREFORE, plaintiff demands judgment against defendant, **Flagship Group Limited**, in the amount of **$4,200,000**.

## COUNT III
### AGA Fishing Corp. v. Flagship Group, Ltd.
### (Intentional/Fraudulent Misrepresentation)

21.     Plaintiff incorporates herein paragraphs 1 thru 20, *supra.*

22.     At all times material hereto Flagship held itself out as having specialized knowledge of marine insurance to vessel owners. That in said capacity Flagship knew and expected that vessel owners, including AGA Fishing Corp., would rely upon Flagship to advise vessel owners as to its insurance needs.

23.     That once Flagship closed its New Bedford, MA office and assigned many of its accounts to Jack Devnew, Flagship's conduct rose to the level of intentional/fraudulent misrepresentation as Flagship knew or should have known the following:

   a.     Devnew was unlicensed to sell marine insurance in Massachusetts for Flagship and had not been waived or exempted from the licensure requirements;

   b.     Devnew had insufficient knowledge as to how damages were assessed to a Jones Act seaman who was injured aboard a vessel under circumstances wherein the vessel owner was liable in money damages for the extent of injury caused to the injured seaman and was thereby not qualified to assess a vessel owner's maritime exposures so

as to properly advise said vessel owner as to the amounts of insurance coverage it should carry so as to protect its business;

    c.    Flagship, while holding Devnew out to Massachusetts vessel owners as being qualified and knowledgeable in the field of marine insurance, failed to properly train and supervise Devnew so that he not only understood the law relative to damages noted above but also understood the significant value attached to a scallop fishing license and how such license was in jeopardy of being lost if a vessel owner was underinsured.

24.    That Plaintiff justifiably relied upon Flagship to properly advise it of the amount of insurance coverage necessary to protect its business risks so as not to lose its business as a result of a serious accident/injury to a crewmember.

25.    That in order to be properly insured Flagship should have advised AGA to have at least $5,000,000 in protection and indemnity coverage, the cost of which was minimal.

26.    That, as a consequence of its wrongful conduct set forth herein, Flagship failed to advise AGA that it was underinsured.

27.    That as a proximate cause of its wrongful conduct as set forth herein AGA lost its business and all revenues reasonably anticipated from ongoing business activities.

WHEREFORE, plaintiff demands judgment against defendant, **Flagship Group Limited**, in the amount of **$4,200,000**.

## COUNT IV
### AGA Fishing Corp. v. Flagship Group, Ltd.
### (Violations of M.G.L. c. 93A)

28.     Plaintiff incorporates herein paragraphs 1 thru 27, *supra.*

29.     When Flagship closed its Massachusetts office in 2001 the principals of AGA were concerned that they would not get adequate advice, counsel and attention from their marine insurance broker.  When this concern was communicated to Flagship, AGA was assured that their insurance business would be properly handled via statements from Flagship's agents, servants and employees to the effect of "Don't worry, we'll take care of you".  Flagship assigned Jack Devnew, a resident of Virginia who was licensed to sell insurance in Virginia to the AGA account.

30.     M.G.L. c. 175, Sec. 162 provides that "Solicitation or negotiation of policies of insurance that take place off the premises of an insurance broker, agent or company shall be by a duly licensed broker or agent."  Jack Devnew was not a Massachusetts licensed broker, agent or producer for Flagship after 2001 and through the date of the Capaldi accident in November, 2003 .  Nor had Devnew either sought or obtained a non-resident producer's license or waiver therefrom concerning his work for Flagship per M.G.L. c. 175, Sections 162N & O.

31.     The fact that Devnew was not licensed to sell insurance in Massachusetts for Flagship and that Flagship was not licensed to sell insurance in Massachusetts at the time that Devnew solicited and sold the subject protection and indemnity insurance policy to AGA violated several regulations promulgated by the Massachusetts Attorney General for the purposes of determining whether conduct or representations at issue

involve unfair or deceptive acts or practices in violation of M.G.L. c. 93A, Sec. 2(a), including but not limited to:

    a.    **940 CMR 3:05 (1):** "No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect." (940 CMR 3:01 provides that a "product" includes services). Had AGA been informed that Flagship/Devnew was/were not in compliance with the licensing laws in the Commonwealth of Massachusetts for the brokering of marine insurance it would not have done business thru Flagship.

    (b)  **940 CMR 3.16** provides that an act or practice is in violation of M.G.L. c. 93A, Sec. 2 if

        (2) "Any person or other legal entity subject to this act fails to disclose to a buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter the transaction". Flagship failed to disclose that it and Devnew were not licensed to sell marine insurance in Massachusetts in 2003.

        (3) " It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection". These include the requirement that insurance agencies, brokers and producers be properly licensed or exempted therefrom. Neither Flagship nor Devnew were either licensed or exempted therefrom in 2003.

32.     Even though not required to support a 93A claim under these circumstances, had the principals of AGA been informed that Flagship/Devnew was/were not in compliance with the licensing laws of the Commonwealth of Massachusetts for the sale of marine insurance in 2003 they would not have purchased marine insurance through Flagship and would have dealt with a local, licensed insurance broker.

WHEREFORE Plaintiff prays that this Honorable Court find the following:

a.      That by failing to comply with Massachusetts licensure laws for insurance brokers/producers that Flagship violated various Attorney General regulations and is liable to Plaintiff per M.G.L. c. 93A, Sec. 11;

b.      Determine the amount of damages caused by said 93A violation;

c.      Award Plaintiff its reasonable attorney's fees and costs in pursuing its legal remedies.

## COUNT V
### Aga Fishing Corp. v. Flaghsip Group, Ltd.
### Violation of M.G.L. c. 176D

33.     Plaintiff incorporates herein paragraphs 1 thru 32, *supra*.

34.     That M.G.L. c. 176D, Sec. 3(2) proscribes the "making, publishing, disseminating, circulating, or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated or placed before the public. . .in any way. . .any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive or misleading".

35. That Flagship's

    a. Implicit representations that it and Devnew were properly licensed to sell marine insurance in Massachusetts; and

    b. Flagship's statements to the principals of AGA concerning Flagship's intent to "take care of" AGA's marine insurances and its claims, acknowledged by Devnew to ".systematically and comprehensively examine . . .[a vessel owner/operator's] maritime exposures, recognizing that protecting your corporate business risks is our primary concern"

were untrue, deceptive and/or misleading in violation of the law.

WHEREFORE Plaintiff prays that this Honorable Court find the following:

    a. That Flagship violated the provisions of M.G.L. c. 176D, sec. 3(2);

    b. Determine the amount of damages caused by said violation;

    c. Award Plaintiff its reasonable attorney's fees and costs in pursuing its legal remedies.

## COUNT VI
**AGA Fishing Corp. v. Brown & Brown, Inc.**
**(Vicarious Liability)**

36. That at all times material hereto Flagship Group Limited was a division of Brown & Brown Insurance and, accordingly, was its duly authorized agent. That because the wrongful conduct of Flagship occurred within the course and scope of its agency for Brown & Brown Insurance, Brown & Brown insurance is vicariously liable for the damages sustained by the plaintiff that were wrongfully caused by Flagship Group Limited.

WHEREFORE plaintiff demands judgment against defendant, Brown & Brown Insurance in the amount of $4,200,000.

## COUNT VI
### AGA Fishing Corp. v. Brown & Brown, Inc.
### (Negligent Failure to Supervise)

37.  That at all times material hereto Brown & Brown had a duty to supervise the activities in Massachusetts of it marine insurance division operated by Flagship.

38.  That Brown & Brown negligently failed to properly supervise the activities of Flagship and Flagship's employee, Jack Devnew, by, including but not limited to

   a.  failing to make certain that Flagship and Devnew was/were properly licensed to sell marine insurance in Massachusetts in 2003;  and

   b.  properly trained and competent to carry out Flagship's stated practice, to wit, "systematically and comprehensively examine . . .[a vessel owner/operator's] maritime exposures, recognizing that protecting your corporate business risks is our primary concern" .

39.  That as a proximate consequence of Brown & Brown's negligence herein AGA lost its business and all revenues reasonably anticipated from ongoing business activities.

WHEREFORE, plaintiff demands judgment against defendant, Brown & Brown, Inc., in the amount of **$4,200,000**.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON EACH AND EVERY ISSUE RAISED HEREIN.**

Dated: July 10, 2006                           The Plaintiff, AGA Fishing Corp.
                                                          By their attorney,
                                                          JOSEPH G. ABROMOVITZ, P.C.
                                                          s/Joseph G. Abromovitz

                                                          _____

                                                          Joseph G. Abromovitz
                                                          BBO NO. 011420
                                                          858 Washington Street, 3rd Floor
                                                          Dedham, MA 02026
                                                          Phone: (781) 329-1080

## CERTIFICATE OF SERVICE

I, Joseph G. Abromovitz, counsel for the plaintiff, hereby certify that on the 10th day of July, 2006 I served a copy of the within document via postage prepaid mail to the following counsel of record:

Michael J. Stone
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110                          s/Joseph G. Abromovitz
                                                 _____
                                                 Joseph G. Abromovitz