UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.: 05-11396 JLT

**AGA FISHING CORP.**

**v.**

**FLAGSHIP GROUP LIMITED and
BROWN & BROWN, INC.**

## OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I.  INTRODUCTION

This is a straightforward case in which the plaintiff, AGA Fishing Corp. ("AGA") alleges that the defendants, Flagship Group Limited ("Flagship") and Brown & Brown, Inc. ("Brown & Brown") failed to take steps to insure that AGA Fishing had sufficient protection and indemnity (P&I) insurance coverage on its F/V GEORGIE J.  AGA now seeks to amend its complaint to add counts which, as a matter of law, are futile and therefore the motion should be denied.

AGA had purchased a $1,000,000.00 P&I policy through Flagship, a division of Brown & Brown.  Unfortunately, in November of 2003, during the relevant policy time period, Victor Capaldi, a seaman and member of the crew of the F/V GEORGIE J sustained serious injuries aboard the vessel.  Purportedly, the value of Mr. Capaldi's injuries was in excess of the $1,000,000.00 policy and AGA contends that its vessel was seized and sold and it suffered other damages as a result.

George Jones and Antoinette Jones are the married couple who were the principals in AGA.  Mrs. Jones was deposed, as was Mr. Jones, both individually and in his capacity as the 30(b)(6) witness for AGA.  Their depositions demonstrate that this case is ripe for summary judgment as there are no grounds to distinguish this claim from the well-established line of

Massachusetts cases which have held that insurance agents and brokers have no broadsweeping duty to advise customers as to their insurance needs.  See Robinson v. Flynn Insurance Agency, 39 Mass.App.Ct. 902 (1995) (Rescript Opinion).

In particular, from the time AGA acquired the F/V GEORGIE J, it purchased $1,000,000.00 in P&I coverage.  In approximately 1999, it first purchased its P&I coverage for the vessel through Flagship.  Mr. Jones' deposition testimony establishes the following:

a. At no time did anyone from AGA request higher coverage.

b. No one from AGA had any discussions with anyone from Flagship about how much liability coverage AGA should have on the vessel.  (p. 114).

c. No one from Flagship ever told Mr. Jones or anyone from AGA that AGA had sufficient coverage.  (p. 129).

d. AGA takes the simple position that the defendants should have advised it to "up" its insurance.  (p. 150).

AGA's motion to amend should fail because the very basic claim it seeks to assert here is fatally flawed.  Absent what established case law identifies as a "special relationship", an insurance agent or broker has absolutely no obligation to give advice to a client regarding the amount of coverage the client should purchase.  Robinson v. Charles A. Flynn Ins. Agency, Inc., 39 Mass.App.Ct. 902, 903 (1995)(no broad duty to inform and advise insured of the availability of limits or underinsured motor vehicle coverage); *See* Kourouvacilis v. Traveler's Insurance Co., 57 Mass.App.Ct. 1005 (2003).   The "special circumstances" giving rise to a heightened duty of care will be found only in limited circumstances where the agent or broker undertakes to do more than merely respond to specific insurance requests.  Rapp v. Lester L. Burdick, 336 Mass. 438, 442 (1957). "Special circumstances" may exist where there is evidence of a long-standing

relationship between a broker and a policyholder, the broker undertakes to evaluate the customer's coverage requirements and provide advice, and the customer justifiably relies on the broker's undertaking.  *See* Bicknell, Inc. v. Havlin, 9 Mass.App.Ct. 497, 499-501 (1980); *See also* McCue v. Prudential Co. of America, 371 Mass. 659, 662-663 (1976) (28 year relationship between broker and client during which brokers made monthly visit to the plaintiffs to attend their insurance needs in support of finding of "special circumstances").  Here there is no such special relationship.  Flagship merely responded to AGA's request to obtain $1 million in P&I coverage.  It did so.  AGA never asked for additional coverage, no one from Flagship assured AGA that it had sufficient coverage, and no one from Flagship ever endeavored to, or assured AGA that it would, evaluate whether the $1 million in P&I coverage was "sufficient."  Such a subjective determination was neither requested, made nor offered. *Compare* Martinonis v. Utica National Insurance Group, 65 Mass.App.Ct. 418, 421 (2006)(where broker assured client that she had adequate limits of liability, trial judge erred in granting broker summary judgment).

As a result, the very basic claim asserted by AGA is fatally flawed.  The new claims AGA seeks to assert are similarly deficient.  Therefore, AGA's Motion to Amend should be denied.

## II.  ARGUMENT

AGA's original complaint contained two counts.  In Count I, AGA alleged that Flagship had a duty to advise it of its extent of insurance coverage it needed to purchase.  The second count alleged that Brown & Brown is vicariously liable for Flagship's purported negligence.

By was of its motion to amend, AGA seeks to add additional counts for negligent misrepresentation, intentional/fraudulent misrepresentation, violations of M.G.L. c. 93A, violation of M.G.L. c. 176D, and negligent failure to supervise. AGA purports to base these newly added counts on "facts" which have nothing to do with this case. In particular, AGA seeks to assert claims against Flagship stemming from marketing and/or internet material promulgated by Flagship, which AGA never reviewed. AGA cannot assert that it relied upon any representations made by Flagship's general marketing material when it never reviewed it. The motion to amend to add these claims (proposed Counts II-V) should therefore be denied, as AGA has no standing to assert them.

In addition, AGA seeks to assert claims relating to alleged problems with the licenses of Flagship or Jack Devnew, the broker for Flagship who handled the plaintiff's account. Whether or not Flagship or Mr. Devnew were properly licensed is not relevant to the plaintiff's claim. *See* McCarthy v. Boston City Hospital, 358 Mass. 639, 645-47 (1971)(trial judge properly excluded evidence that radiologist's license had lapsed because there was no showing that there was any causal connection between the licensing issue and the plaintiff's injuries). Its motion should therefore be denied.

Similarly, the plaintiff seeks to add a count for Brown & Brown's purported failure to supervise Flagship and Devnew (Count VI). This claim depends upon establishing that Flagship and Devnew were negligent. As a matter of law, the plaintiff cannot succeed in doing so. Thus, its claim to amend to add a count for failure to supervise should be denied.

## **CONCLUSION**

For the reasons stated herein, the plaintiff's Motion to Amend its Complaint should be denied.

The Defendants,
By their attorneys,

PEABODY & ARNOLD, LLP


/s/ Patrick J. Dolan
Michael J. Stone, BBO# 482060
Patrick J. Dolan, BBO#564250
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: July 19, 2006

641922_1
14811-91372

**CERTIFICATE OF SERVICE**

I, Patrick J. Dolan, hereby certify that on this 19th day of July, 2006, I served the within Opposition to the Plaintiff's Motion to Amend Complaint by causing a copy thereof to be sent electronically to the registered participants in this case and paper copies mailed via first class mail, postage prepaid, to the non-registered participants in this case, if any, as identified on the Notice of Electronic Filing.

/s/ Patrick J. Dolan
Patrick J. Dolan

641922_1
14811-91372