UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11396 JLT

```
***********************************************
AGA FISHING CORP.                     *
                                      *
v.                                    *
                                      *
FLAGSHIP GROUP LIMITED and            *
BROWN & BROWN, INC.                   *
***********************************************
```

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

Much of defendants' opposition to the within motion relates to the defendants' claim that plaintiff cannot survive a dispositive motion. Such rhetoric is premature. The issue before the Court is not whether plaintiff can survive a dispositive motion; the issue is simply whether plaintiff should be granted leave to amend its complaint to include counts reflecting theories of liability that discovery has disclosed to be available to it against either or both defendants in this lawsuit for money damages.

Substantively, defendants raise two issues[1] in opposition to the motion to amend: (1) the significance of Flagship's agent's (John S. Devnew) deposition testimony concerning the scope of his duty to a vessel owner to whom he is proposing to sell marine insurance; and (2) the relevance of defendant, Flagship and its agent, John S. Devnew, allegedly not being licensed to sell marine insurance in Massachusetts at the time Flagship sold AGA the subject P&I policy in May, 2003.

---

[1] Because of scheduling difficulties Plaintiff has yet to conduct a Rule 30(b)(6) deposition of Brown & Brown, Inc. Thus **all** comments of Brown & Brown in its opposition to the motion to amend are premature.

**Flagship/Devnew's Duty as AGA's Insurance Broker/Producer**

With reference to the claims of Flagship that the M.G.L. c. 176D § 3(2) claims should not be permitted to go forward as part of the Amended Complaint because AGA's principals did not rely upon Flagship's representations in its website, that argument ignores the deposition testimony of John S. Devnew, the defendant's agent, pursuant to which he acknowledged that it was his responsibility, as the Flagship producer (broker) dealing with AGA prior to the sale of the policy at issue in May, 2003, to comply with the representations made on Flagship's website, to wit, "to systematically and comprehensively examine…[the insured's] potential maritime exposure, recognizing that protecting your corporate business risks is our primary concern." At a minimum Devnew defined the duty of care he and Flagship owed to the Plaintiff. Plaintiff also expects to show the existence of a "special relationship" referred to by Defendants in their opposition.

**The Licensure Issue**

Pursuant to 940 CMR 3.00 the Massachusetts Attorney General was empowered to enact regulations for "purposes of determining whether conduct, terminology or representations involve unfair methods of competition or unfair or deceptive acts or practices in violation of M.G.L. c. 93A § 2(a). 940 CMR 3:16 provides that "without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c. 93A § 2 if…

(2)   any person or legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transactions; or

(3) it fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection." [2]

Flagship Group Limited was first licensed to do business in the Commonwealth of Massachusetts in or about 1998.  Upon becoming licensed to sell insurance, including marine insurance in Massachusetts, it opened an office in New Bedford that was staffed by a licensed insurance broker, Ronald Walsh.  AGA started purchasing its marine insurance thru Flagship's New Bedford office in 1999.  In or about 2000 Flagship Group Limited's assets were purchased by the defendant, Brown & Brown, Inc.  In or about 2001 Brown & Brown, Inc. decided to close the New Bedford office of Flagship Group Limited and terminate Mr. Walsh's employment.

From roughly 2001 through 2004 Flagship Group Limited was not licensed to sell marine insurance in the Commonwealth of Massachusetts; nor was its "designated broker/producer" John S. Devnew, licensed or exempted from the licensure

---

[2]    As noted by Judge Young in J.E Pierce Apothecary, Inc., et al. v. Harvard Pilgrim Healthcare, Inc., et al., U.S. Dist. Ct. Dist. Mass., Civil Action No. 98-12635WGY, "The subsection of the Code of Massachusetts Regulations, titled 940 § 3.16(3) subsumes substantive violation of laws and regulations within the definition of what acts or practices violate 93A."  As stated by the Massachusetts Supreme Judicial Court in Commonwealth v. Source One Associates, 436 Mass. 118, 123 (2002), with reference to section 3:16(3)-(4) "unfair and deceptive acts have come to embrace conduct that fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof."

requirements of the Commonwealth of Massachusetts to sell marine insurance on behalf of Flagship.

Liability under G.L. c. 93A arises when a "person…fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction." (940 CMR § 3.16(2)). Proof of such nondisclosure and its casual relationship to the plaintiff's injuries is sufficient to warrant a statutory recovery. See, Heller Financial v. Insurance Co. of No. America, 410 Mass. 400, 409 (1991) and PDM Mechanical Contractors, Inc. v. Suffolk Const. Co., 35 Mass. App. Ct. 228, 237 (1993).

In this case the principals of AGA Fishing Corp were unaware that Flagship Group Limited, with whom they had done business since 1999 and Devnew, who took over the AGA account once Flagship closed its Massachusetts office and terminated Mr. Walsh, ceased to be licensed to sell marine insurance in Massachusetts as of May, 2003. The evidence will show that had AGA's principals been so informed they would not have chosen to purchase their insurance through Flagship Group Limited.

Plaintiff expects to show at trial that vessel owners who procured their marine insurance thru other insurance brokers were being advised in 2003 to carry $5,000,000 in P&I coverage (at minimal extra premiums) and that had they been so advised AGA would have done so. If AGA had $5,000,000 in P&I coverage it would not have lost its only asset, the F/V GEORGIE J and would have remained in business. (This speaks to the issue addressed by the defendant, Flagship, in reliance upon McCarthy v. Boston City Hospital, 358 Mass. 639, 645-47 (1971)).

## Conclusion

For purposes of adding counts to the pending Complaint allowance of the motion to amend is warranted. If plaintiff cannot establish facts necessary to support any particular count the defendant has available to it appropriate dispositive remedies. If plaintiff survives a dispositive motion but at trial cannot establish a *prima facie* violation of the particular alleged wrong, then the defendant can seek a directed verdict.

As motions to Amend Complaint are to be liberally construed the defendants' opposition, in total, should be rejected and the motion to amend allowed.

Dated:  August 4, 2006

The Plaintiff, AGA FISHING CORP.,
By its attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz
_____
Joseph G. Abromovitz
BBO No. 011420
858 Washington Street
Dedham, MA 02026
Phone: (781) 329-1080

## CERTIFICATE OF SERVICE

I, Joseph G. Abromovitz, counsel for the plaintiff, hereby certify that on the 4th day of August, 2006 I served a copy of the within document via postage prepaid mail to the following counsel of record:

Michael J. Stone
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

s/Joseph G. Abromovitz
_____
Joseph G. Abromovitz