UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11396 JLT

```
************************************************
AGA FISHING CORP.                    *
                                     *
v.                                   *
                                     *
FLAGSHIP GROUP LIMITED and           *
BROWN & BROWN, INC.                  *
************************************************
```

## PLAINTIFF'S OPPOSITION TO
## MOTION OF BROWN & BROWN, INC., FOR PROTECTIVE ORDER

As a general proposition per Rule 26 (b)(1) the test for whether information is discoverable is relevance.  Relevance in the context of discovery is very broadly construed.  6 Moore's Federal Practice  26.41[6].  (Matthew Bender 3d ed.).  Within this context Plaintiff responds as follows to the content of the defendant, Brown & Brown, Inc.'s Motion for Protective Order.

**Designated Area No. 1:** The extent of supervision and/or control by Brown & Brown of the activities of Flagship's producers in engaging in the solicitation for the sale of marine insurance in Massachusetts to commercial fishing vessel owners for the years 2001-2006, inclusive.

**Defendant's Argument:** Flagship is a wholly owned subsidiary of Brown & Brown. Following Brown & Brown's acquisition of it, Brown & Brown did not directly supervise the activities of Flagship's producers and is willing to stipulate to that fact.  A

deposition on this issue is therefore unnecessary and, given Brown & Brown's

willingness to enter into the described stipulation, would serve no purpose.

**Plaintiff's Response:** Under Massachusetts law to bind the principal per an alleged

agency relationship the issue is not actual control but rather the right of control. (See,

e.g., *Marya v. Slakey,* 190 F.Supp. 2d 95 (D. Mass. 2001); *Harrison Conference Services of*

*Massachusetts, Inc. v. Commissioner of Revenue*, 474 N.E. 2d 160 (1985). With this in mind

Plaintiff proposes to forego testimony on this subject matter if Brown & Brown is

willing to stipulate as follows:

> "That at no time after the acquisition of the assets of
> Flagship Group, Ltd. did Brown & Brown, Inc. either
> supervise, control, or reserve the right to control the
> activities of Flagship's producers in engaging in the
> solicitation for the sale of marine insurance in Massachusetts
> to commercial fishing vessel owners for the years 2001
> through 2006, inclusive."

It is inadequate for Brown & Brown to simply be willing to stipulate that it "did not

directly supervise the activities of Flagship's producers." If Brown & Brown is

unwilling to enter into the subject stipulation it should be compelled to provide

testimony on this subject matter.

**Designated Area No. 3:** Brown &Brown's input after its asset purchase of Flagship in

2000 re: Flagship's representations concerning its level of expertise in the marine

insurance business, including but not limited to the level of knowledge and expertise

expected by Brown& Brown of Flagship's "producers".

**Defendant's Argument:** As noted, following its acquisition of Flagship, Brown &

Brown relied upon Flagship's expertise in the marine insurance business and did not

provide any input regarding Flagship's representations concerning its level of expertise

in the marine insurance business.  Flagship operated as a wholly owned subsidiary of

Brown & Brown and Brown & Brown offered no input into Flagship's representations

on the subject matter at issue.  Brown & Brown is willing to stipulate to this fact and

therefore there is no purpose in engaging in discovery on this issue.

**Plaintiff's Response:**  Brown & Brown, Inc. holds itself out as one of the premier

marine insurers in the world.  It's website boasts as follows:

> "Brown & Brown's Marine Division is anchored by three outstanding
> operations, all with long histories of serving the maritime industries.
> Brown & Brown Marine Insurance in Ft. Lauderdale, Florida, has been
> serving a broad base of yacht and charter vessel clients since 1931;
> The Flagship Group, LTD, of Norfolk, Virginia, specializes in shipyards
> and commercial fishing fleets. Both are highly experienced in responding
> to virtually any marine insurance need. Representation of the major
> underwriters in the marine field has earned us a reputation for service
> and product second to none in cargo, yachting, commercial marine, ship
> building and virtually every other facet of marine insurance. This same
> outstanding service is provided on the West Coast through
> Seapac Marine Insurance Managers in Seattle, Washington."

While Brown & Brown's Marine Insurance division's particular area of expertise

is yachts and charters and not commercial fishing vessels this is a distinction without a

difference.  When a seaman is injured aboard a yacht, the substantive law governing his

rights and remedies is exactly the same as that for a commercial fisherman.  Therefore it

is at least discoverable if not admissible as to what Brown & Brown's level of

knowledge and expertise concerning the potential exposure to a vessel owner in the

event of a crew member's sustaining injuries aboard a vessel and what its

brokers/producers typically communicated to vessel owners concerning the scope of

recommended insurance coverages. Brown & Brown's proposed stipulation is inadequate.

**Designated Area No. 4:**  B&B's knowledge of

      a.     the value of scallop fishing permits for the years 2000-2004;

      b.     the earnings of crewmembers of scallop fishing boats for the years 2000-2004, inclusive.

**Defendant's Argument:**  Once again, Brown & Brown, following its acquisition of Flagship, relied upon Flagship's expertise in the marine insurance business.  It did not directly supervise Flagship and had no corporate knowledge of the subject matter identified.  Brown & Brown is willing to stipulate to these facts and therefore no discovery on this issue is necessary.

**Plaintiff's Response**:  Plaintiff is willing to forego this area of inquiry based upon Brown & Brown's stipulating as follows:  "That it did not directly supervise Flagship and had no corporate knowledge of either the value of scallop fishing permits for the years 2000 through 2004, inclusive or the earnings of crewmembers of scallop fishing vessels for the years 2000 through 2004, inclusive."  If Brown & Brown is so willing to stipulate plaintiff will forego that area of proposed inquiry.  Otherwise Brown & Brown should be ordered to provide testimony on this subject matter.

**Designated Area No. 5:** Brown& Brown's knowledge of the scope of Jones Act exposure to Jones Act employers and/or vessel owners/operators insured through it for the years 2000 thru 2004, inclusive, in the event a crewmember was injured aboard a vessel whose P&I coverage was purchased thru Brown & Brown.

     a.     The extent to which that knowledge was imparted to Flagship

personnel;

     b.     The extent and under what circumstances Brown& Brown directed

Flagship's producers to counsel vessel owners/operators to carry

more than $1,000,000 P&I coverage.

     c.     Under what circumstances Brown& Brown counseled vessel

owners/operators insured thru it to carry more than $1,000,000 P&I coverage.

**Defendant's Argument:**  Brown & Brown relied upon Flagship's professional

experience in the marine insurance business.  Brown & Brown did not impart

knowledge or information relative to the marine insurance business to Flagship, nor did

it direct Flagship's producers to counsel vessel owners/operators to carry more than $1

million in P&I coverage.  Indeed, as a matter of law, neither Brown & Brown nor

Flagship owed any duty to provide such counsel.  Discovery into this issue is therefore

not relevant and not necessary in this case.

**Plaintiff's Response**:  As noted in AGA's response to designated area # 3, Brown &

Brown, Inc. holds itself out as one of the premier marine insurers in the world.  While

Brown & Brown's particular area of expertise is yachts and charters and not commercial

fishing vessels when a seaman is injured aboard a yacht, the substantive law governing

his rights and remedies is exactly the same as that for a commercial fisherman.

Therefore it is at least discoverable if not admissible as to Brown & Brown's level of

knowledge and expertise concerning the potential exposure to a vessel owner and what

a broker/producer typically communicated to vessel owners/operators concerning the

scope of recommended insurance coverages.  Brown & Brown's proposed stipulation is inadequate.

**Designated Area No. 6:** Brown & Brown's knowledge of the origin and content of the website of Flagship as appears in 2006.

**Defendant's Argument:**  Brown & Brown's knowledge of the Flagship website as it appears in 2006 more than three years after the claimed events is utterly irrelevant  to the plaintiff's claim and therefore discovery on this subject matter is not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Response:**  At a minimum plaintiff should be able to inquire as to the input, if any, that Brown & Brown had concerning the representations by Flagship on its website concerning its expertise and practices in the field of marine insurance.   As testified to be Jack Devnew, the Flagship broker assigned to handle the AGA account, Flaghip represented that it "systematically and comprehensively examined . . . [ the insured's] potential maritime exposure, recognizing that "protecting your corporate business risks is our primary concern."  (p. 42).   Devnew testified that each of these representations by Flagship were matters of which he was aware prior to soliciting the issuance of the last policy on in late April, 2003. (p. 42-43).      (The Capaldi accident that gave rise to this lawsuit happened in November, 2003, during the policy period for the policy that started on May 1, 2003).  This subject matter is certainly relevant for at least discovery purposes.

**Designated Area No. 7:** With reference to the statement in the Flagship website, as confirmed by Mr. Devnew at his deposition, to wit, "We systematically and comprehensively examine your maritime exposures, recognizing that protecting your corporate business risks is our primary concern," a person to describe what Brown & Brown, Inc. expected Flagship's producers/accountant executives to do in order to carry out such an analysis for

      (a)    the years 2000 through 2003, inclusive; and

      (b)    currently.

**Defendant's Argument:**  As previously noted, following its acquisition of Flagship, Brown & Brown relied upon Flagship and did not exercise control over the manner in which Flagship related to its clients with respect to marine insurance.  Brown & Brown is willing to stipulate to these facts and therefore discovery on the issue is unnecessary.

**Plaintiff's Response:**  As previously noted Brown & Brown, Inc. holds itself out as one of the premier marine insurers in the world.  It is at least discoverable if not admissible as to what Brown & Brown expected Flagship's brokers/producers to do in order to carry out the goal of protecting an insured's corporate business risks. Brown & Brown's proposed stipulation is inadequate.

**Designated Area No. 8:**  What instruction and/or training was provided for the years 1998 through 2003, inclusive, to Flagship producers/account managers concerning the above quoted statement from its website, producing copies of any and all materials provided to Flagship's personnel to enable them to carry out the task of "systematically and comprehensively examining a customer's/client's maritime exposures, recognizing

7

that protecting the customer's corporate business risks is our [Flagship's] primary concern."

**Defendant's Argument:** Following the acquisition of Flagship, Brown & Brown relied upon Flagship's experience in the industry and did not provide additional training to Flagship's producers and account managers relating to marine insurance. Brown & Brown is willing to stipulate to these facts and therefore discovery on the issue is unnecessary.

**Plaintiff's Response:** Unless Brown & Brown is prepared to file a stipulation to the effect that "Upon acquisition of Flagship, Brown & Brown provided neither instruction nor training for the years 1998 through 2003, inclusive, to Flagship producers/account managers concerning what a Flagship producer should in order to "systematically and comprehensively examine a customers/clients maritime exposures, recognizing that protecting the customer's corporate business risks is Flagship's and/or Brown & Brown's primary concerns" then Brown & Brown should be compelled to provide testimony on this subject matter.

**Designated Area No. 9:** Brown & Brown's position regarding the need for a "producer" employed by Flagship to be licensed in MA after Brown & Brown decided to close the MA office and terminate Ron Walsh's employment.

**Defendant's Argument:** Licensing issues were handled at the local branch level by Flagship. Brown & Brown relied upon Flagship to continue to obtain and maintain appropriate licenses. Brown & Brown is willing to stipulate to these facts.

**Plaintiff's Response:** At a minimum Brown & Brown should be compelled to provide discovery as to the extent, if at all, it provided directives, instructions or guidance to Flagship concerning the need to obtain and maintain appropriate licenses.

**Designated Area No. 10:** If it is Brown & Brown's position that Flagship and/or John Devnew were properly licensed to sell marine insurance in Massachusetts from the years 2001 thru 2003, inclusive, a witness to testify and produce documentation upon which said testimony is based.

**Defendant's Argument:** Licensing issues were handled at the local branch level by Flagship. Brown & Brown relied upon Flagship to continue to obtain and maintain appropriate licenses. Brown & Brown is willing to stipulate to these facts.

**Plaintiff's Response:** At a minimum Brown & Brown should be compelled to provide discovery as to the extent, if at all, it provided directives, instructions or guidance to Flagship concerning the need to obtain and maintain appropriate licenses for solicitation/sales activities to vessel owners/operators in Massachusetts. Further Brown & Brown should be compelled to provide discovery concerning any representations to it by Flagship regarding Devnew being properly licensed to sell marine insurance in Massachusetts from the years 2001 thru 2003, inclusive.

**Designated Areas #2 & 11.** AGA is waiving its desire to obtain testimony regarding these designated areas.

Dated:  August 29, 2006

The Plaintiff, AGA FISHING CORP.,
By its attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz

_____
Joseph G. Abromovitz
BBO No. 011420
858 Washington Street
Dedham, MA 02026
Phone: (781) 329-1080

## CERTIFICATE OF SERVICE

I, Joseph G. Abromovitz, counsel for the plaintiff, hereby certify that on the 29th

day of August, 2006 I served a copy of the within document via postage prepaid mail to

the following counsel of record:

Michael J. Stone
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

s/Joseph G. Abromovitz

_____
Joseph G. Abromovitz