UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGA FISHING CORP.,<br>           Plaintiff<br><br>v.<br><br>FLAGSHIP GROUP LIMITED and<br>BROWN & BROWN, INC.,<br>           Defendants | CIVIL ACTION NO. 05-11396 JLT |

**ANSWER OF THE DEFENDANTS, FLAGSHIP GROUP LIMITED
AND BROWN & BROWN, INC., TO THE PLAINTIFF'S AMENDED COMPLAINT**

The defendants, Flagship Group Limited and Brown & Brown, Inc., respond to the allegations contained in the plaintiff's Amended Complaint as follows:

**Parties and Jurisdiction**

1.   The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 of the plaintiff's Amended Complaint.

2.   The defendant, Flagship Group Limited admits that it is a foreign corporation with a usual place of business in Norfolk, Virginia and that it has transacted business within the Commonwealth of Massachusetts. The remaining allegations call for legal conclusions and are therefore denied.

3.   The defendant, Brown & Brown, Inc. admits that it is a foreign corporation and has transacted business within the Commonwealth of Massachusetts and denies the balance of the allegations contained in paragraph 3 of the plaintiff's Amended Complaint.

4. The defendants admit that Flagship Group Limited is a wholly owned subsidiary of Brown & Brown, Inc. Otherwise, denied.

## COUNT I
## AGA Fishing Corp. v. Flagship Group Limited
### (Negligence)

5. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the plaintiff's Amended Complaint, and therefore deny the same.

6. The defendants admit that Flagship Group Limited was a broker that assisted the plaintiff in obtaining protection and indemnity insurance for the vessel known as F/V GEORGIE J and deny the balance of the allegations contained in paragraph 6 of the plaintiff's Amended Complaint.

7. Denied.

8. Denied.

9. Denied.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the plaintiff's Amended Complaint, and therefore deny the same.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the plaintiff's Amended Complaint, and deny the same.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 of the plaintiff's Amended Complaint, and deny the same.

13. Denied.

## COUNT II
### AGA Fishing Corp. v. Flagship Group Limited
### (Negligent Misrepresentation)

14. The defendants incorporate herein their answers to paragraphs 1 through 13 as if specifically stated.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT III
### AGA Fishing Corp. v. Flagship Group Limited
### (Intentional/Fraudulent Misrepresentation)

21. The defendants incorporate herein their answers to paragraphs 1 through 20 as if specifically stated.

22. Denied.

23. Denied.

3

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT IV
### AGA Fishing Corp. v. Flagship Group Limited
### (Violations of M.G.L. c. 93A)

28. The defendants incorporate herein their answers to paragraphs 1 through 27 as if specifically stated.

29. The defendants admit Jack Devnew was assigned to the AGA account. The defendants deny every other allegation in paragraph 29.

30. The defendants state that M.G.L. c. 175 §162 is a statute in the Commonwealth in Massachusetts and speaks for itself. The defendants deny all other allegations in paragraph 30.

31. Denied.

32. Denied.

## COUNT V
### AGA Fishing Group v. Flagship Group Limited
### (Violation of M.G.L. c. 176D)

33. The defendants incorporate herein their answers to paragraphs 1 through 32 as if specifically stated.

34. The statute referenced in paragraph 34 speaks for itself and no further answer is required.

35. Denied.

## COUNT VI
### AGA Fishing Corp. v. Brown & Brown, Inc.
### (Vicarious Liability)

The defendants incorporate herein their answers to paragraphs 1 through 35 as if specifically stated.

36.     Denied.

## COUNT VI
### AGA Fishing Corp. v. Brown & Brown, Inc.
### (Negligent Failure to Supervise)

The defendants incorporate herein their answers to paragraphs 1 through 36 as if specifically stated.

37.     Denied.

38.     Denied.

39.     Denied.

## JURY CLAIM

The defendants demand a trial by jury on all counts so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's complaint fails to state a claim against the defendants upon which relief can be granted.

### Second Affirmative Defense

If the plaintiff was damaged as alleged in the complaint any such damage was a result of acts or omissions of persons or entities over whom the defendants had no control and for whose conduct the defendants were not legally responsible.

### Third Affirmative Defense

The defendants acted in good faith and exercised appropriate judgment with respect to their interpretation, decisions, determinations and other actions and are therefore entitled to immunity from the claims asserted in this action.

### Fourth Affirmative Defense

The plaintiff's complaint is barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense

The plaintiff is barred from recovery by the principle of election of remedies.

### Sixth Affirmative Defense

The plaintiff's complaint is barred as the defendants owed no duty to the plaintiff to procure insurance coverages that were not requested by the plaintiff.

### Seventh Affirmative Defense

The plaintiff is barred from recovery since the negligence of the plaintiff was equal to or greater than any negligence of the defendants as alleged in the complaint.

### Eighth Affirmative Defense

If the plaintiff was damaged as alleged in the complaint, such damages must be reduced or diminished pursuant to Mass. Gen. Laws c. 231 §85 as a result of the negligence of the plaintiff.

### Ninth Affirmative Defense

The plaintiff has failed to mitigate its alleged damages and to that extent may not recover from the defendants.

### Tenth Affirmative Defense

The plaintiff is barred from recovery by the statute of frauds.

### Eleventh Affirmative Defense

The plaintiff's claim is barred by the applicable statute of limitations.

<u>Twelfth Affirmative Defense</u>

The plaintiffs' complaint is barred by the doctrine of accord and satisfaction.

<u>Thirteenth Affirmative Defense</u>

The defendants have not violated any statutory law of the Commonwealth of Massachusetts.

<u>Fourteenth Affirmative Defense</u>

The plaintiff's claims for misrepresentation are barred from recovery because it cannot establish reasonable reliance.

<u>Fifteenth Affirmative Defense</u>

The plaintiff's alleged damages are barred because they are speculative.

    Respectfully submitted,
    FLAGSHIP GROUP LIMITED and
    BROWN & BROWN, INC.

    By their attorneys


    <u>/s/ Terri L. Pastori</u>
    Michael J. Stone, Esq., BBO # 482060
    Terri L. Pastori, Esq., BBO#
    Peabody & Arnold, LLP
    30 Rowes Wharf
    Boston, MA 02110
    (617) 973-6100

## **CERTIFICATE OF SERVICE**

I, Terri L. Pastori, hereby certify that on this 14th day of November, 2006, the foregoing document was served on counsel for the plaintiff, Joseph E. Abromovitz, Esquire, by electronic mail.

        /s/ Terri L. Pastori
        Terri L. Pastori

645339_1
14811-91372