UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11396 JLT

AGA FISHING CORP.

v.

FLAGSHIP GROUP LIMITED and
BROWN & BROWN, INC.

PROPOSED AGENDA FOR MARCH 8, 2007 PRETRIAL CONFERENCE

This matter is currently scheduled for an initial pretrial conference on March 8, 2007. No trial date has been set. Pursuant to Rule 16 of the Federal Rules of Civil Procedure and in an effort to make the most productive use of the Court's time at the conference, the parties submit the following comments and proposed agenda for the Court's consideration.

I.  BACKGROUND

1. The Plaintiff was a corporation engaged in commercial scallop fishing. It has sued its former insurance broker, Flagship Group Ltd. ("Flagship"). The Plaintiff contends inter alia that Flagship breached a duty by allegedly failing to properly evaluate its potential exposure to its crewmembers in the event of a serious injury to a crewmember in the service of its vessel, the GEORGIE J, that created tort liability on the Plaintiff and by further failing to advise the Plaintiff as to the inadequacy of its protection and indemnity insurance. The Plaintiff asserts that in November, 2003, a crewmember suffered a serious injury resulting from an unseaworthy condition aboard the vessel rendering the vessel owner, AGA, strictly liable. Per Orders of this Court, the GEORGIE J and its fishing permit were seized and sold by the US Marshall to satisfy a personal injury settlement of this claim after the payment of the vessel's mortgage from the proceeds.

Flagship denies all claims, and states that it procured the insurance that the Plaintiff requested. It is Flagship's position that as a broker, it did not have a duty to evaluate the Plaintiff's potential exposure and advise the Plaintiff concerning the adequacy of the insurance that it carried. Assuming <u>arguendo</u> that Flagship did have such a duty, it satisfied its duty.

2. Following an initial round of court-sanctioned depositions the Plaintiff amended its complaint in August 2006 to expand its claims against Flagship and Brown & Brown, Flagship's corporate parent. Flagship and Brown & Brown deny all claims.

3. Upon the parties' request after the allowance of the Plaintiff's motion to amend, the court rescheduled a conference set for November 27, 2006 and allowed the parties to conduct additional depositions. In compliance with this Court's order these depositions were concluded before January 31, 2007. The Court scheduled a pretrial conference for March 6, 2007 that was continued to March 8th due to a conflict in defense counsel's schedule.

4. The parties believe that a schedule for the disclosure of expert witnesses on the standard of care for insurance brokers (the plaintiff's first, then the defendant's), expert witness depositions, and motions for summary judgment among other things would assist the parties in preparing the case for trial and evaluating the prospect of settlement.

## II. PROPOSED AGENDA

### 1. Experts on Liability

#### A. Expert Disclosures

The Plaintiff proposes to disclose its experts on liability pursuant to Rule 26 of the Federal Rules of Civil Procedure by March 31, 2007. The Defendants propose to make their disclosure by June 14, 2007.

### B.     Expert Depositions

The Defendants propose to complete the depositions of the Plaintiff's liability experts by July 15, 2007. The Plaintiff proposes to complete the depositions of the Defendants' liability experts by August 15, 2007.

### 2.     The appropriateness and timing of summary judgment adjudication under Rule 56.

It is the Defendants' position that as a matter of law, Flagship did not have a duty to inter alia evaluate the Plaintiff's insurance needs or advise the Plaintiff that it should have purchased more protection and indemnity insurance for the GEORGIE J. Upon the completion of expert discovery on liability, the Defendants intend to file a motion for summary judgment on the duty issue and the Plaintiff's Massachusetts General Laws Chapter 93A/176D claims, among other things. The parties propose September 30, 2007 as the deadline for filing the Defendants' motion for summary judgment. The Plaintiff's opposition would be due on October 31, 2007, and the Defendants' reply due on November 14, 2007.[1]

### 3.     Measure of Damages.

It is the opinion of the Plaintiff that damages are not limited to the value of the vessel and its permit obtained at auction but also to a recovery of lost profits to the extent that same exceeds the value obtained at auction for the fishing permit. The Defendants disagree. The parties agree that briefing and a ruling from the Court on this issue would assist the parties in preparing the case for trial and evaluating the case for settlement. The parties propose the following briefing schedule on the issue. Plaintiff's memorandum is due by September 30, 2007. Defendants' response is due by October 31, 2007, and the Plaintiff's reply is due by November 14, 2007.

---

[1]     While AGA's counsel believes that there are genuine issues of fact on the duty issue and its breach he does not oppose the Court's allowing defendants' to seek such relief.

### 4. Experts on Damages

In the event that this Court rules after briefing that the Plaintiff is entitled to attempt to introduce evidence of lost profits as a measure of damages in addition to the value of the vessel and permit, the parties request that deadlines be set for the disclosure of expert witnesses on the calculation of damages (Plaintiff first, then Defendants) and expert depositions.

### 5. Third-Party Subpoenas

A former marine insurance broker, Debbie Fernandez, for the Plaintiff's affiliated company testified that some documents concerning the marine insurance of the principals of the Plaintiff placed through her are in the possession of her former employers. The Defendants request until April 15, 2007 to serve third-party subpoenas for those documents. Plaintiff's counsel does not object.

### 6. Final Pretrial Conference

The parties propose that the Court schedule a Final Pretrial Conference 60 days after its ruling on the motion for summary judgment and damage issues.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| The Plaintiff,<br>By its attorney, | The Defendants,<br>By their attorneys, |
| JOSEPH G. ABROMOVITZ, P.C. | PEABODY & ARNOLD, LLP |
| s/Joseph G. Abromovitz | s/Michael J. Stone |
| Joseph G. Abromovitz, BBO# 011420<br>JOSEPH G. ABROMOVITZ, P.C.<br>858 Washington Street, 3rd Floor<br>Dedham, MA  02026<br>(781) 329-1080 | Michael J. Stone, BBO# 482060<br>Terri L. Pastori, BBO#635323<br>PEABODY & ARNOLD LLP<br>30 Rowes Wharf<br>Boston, MA 02110<br>(617) 951-2100 |

5