**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AGA FISHING CORP.,**<br>　　　　**Plaintiff**<br><br>**v.**<br><br>**FLAGSHIP GROUP LIMITED and**<br>**BROWN & BROWN, INC.,**<br>　　　　**Defendants** | **CIVIL ACTION NO. 05-11396 JLT** |

**OPPOSITION OF THE DEFENDANTS, FLAGSHIP GROUP LIMITED AND BROWN & BROWN, INC., TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ENTRY OF SUMMARY JUDGMENT**

The Defendants, Flagship Group Limited ("Flagship") and Brown & Brown, Inc. ("Brown & Brown"), hereby oppose the motion of the Plaintiff, AGA Fishing Corp. ("AGA"), for reconsideration and/or to vacate the judgment entered in favor of the Defendants.

**I.      PROCEDURAL BACKGROUND**

On or about May 29, 2007, Flagship and Brown & Brown filed a motion for summary judgment. AGA sought additional time to file its opposition, which was submitted on June 19, 2007. A hearing was held on July 26, 2007, and on July 30, 2007, this Court granted the motion for summary judgment in favor of Flagship and Brown & Brown. Judgment entered on August 8, 2007. Despite the Court's correct findings and decision, AGA filed a motion for reconsideration and/or to vacate the judgment on August 16, 2007. The motion is simply a rehash of AGA's unsuccessful arguments in opposition to the motion for summary judgment and should be denied.

**II.     ARGUMENT**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." In re Hannigan, 2005 WL 3263923, at *1 (Bankr. D. Mass. 2005) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). See also In re Mortgage Investors Corp., 136 B.R. 592, 598 (Bankr. D. Mass. 1992). "A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented." In re Hannigan, 2005 WL 3263923, at *1 (citing Keyes v. National Railroad Passenger Corp., 766 F. Supp. 277, 280 (E.D.Pa. 1991)). It is not an opportunity to "repeat old arguments previously considered and rejected." National Metal Finishing Co. v. Barclays Am. Comm., Inc., 889 F.2d 119, 123 (1st Cir. 1990). See also In re Grand Builders, Inc., 122 B.R. 673, 675 (Bankr. W.D. Pa 1990) (providing that a motion for reconsideration is not a means by which parties can rehash previously made arguments). In an opinion of the United States Bankruptcy Court, District of Massachusetts, Judge Hillman observed:

> The court does not have the luxury of treating its first decision like a dress rehearsal for the next time. The court is required to "get it right" the first time. No less is expected of counsel. Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to "get it right" the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered. Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time.

In re Wedgestone Financial, 142 B.R. 7 (Bankr. D. Mass. 1992) (citing In re Armstrong Store Fixtures Corp., 139 B.R. 347, 350 (Bankr. W.D. Penn.1992)).

Although a trial judge is vested with the inherent authority to reconsider a case, an issue, a question of fact or law until a final judgment or decree is entered, a judge is under no duty to reconsider a case and is not obligated to exercise such power.  See Peterson v. Hopson, 306 Mass. 597, 600-601 (1940).  In fact, a judge should hesitate to undo his own work.  Id. at 603.[1]

In the present case, there has been no significant change in the law and AGA is merely rehashing its previously made arguments.  AGA has failed to identify any manifest errors of law or fact or present any newly discovered evidence for consideration.

The Court correctly applied the law to the undisputed facts and awarded summary judgment to Flagship and Brown & Brown.  "The relationship between an insurance broker and the insured is not normally thought to be fiduciary in nature, absent special circumstances of assertion, representation, and reliance."  Baldwin Crane & Equip. Corp. v. Riley & Reiley Ins. Agency, 44 Mass. App. Ct. 29, 31-32 (1997) (internal citations and quotations omitted) (emphasis added).  This Court was correct in ruling that based upon the undisputed facts, Flagship did not owe AGA a heightened duty of care and there was not special relationship between AGA and Flagship.  The evidence established, as this Court correctly concluded, that AGA never looked at Flagship's website, let alone relied on it in a way that would support a finding of a special relationship.  "An unexpressed belief of goal, absent specific agreement, representation, or reliance, does not, as a matter of law, create the kind of "special circumstances" which would change the applicable legal duty."  AGA Fishing Corp. v. Flagship Group Ltd. et al., No. 05-11396, at 6 (D. Mass. Aug. 6, 2007) (order granting summary

---

[1] To the extent AGA seeks relief pursuant to Fed. R. Civ. P. 60(b), such "extraordinary relief" is only warranted in "exceptional circumstances."  See Marderosian v. Shamshak, 170 F.R.D. 335, 338 (D. Mass. 1997) (citing de la Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st Cir. 1994)).  None exist here.

3

judgment). Summary judgment appropriately entered in favor of Flagship and Brown & Brown and the motion to reconsider and/or vacate should be denied.

### III.   CONCLUSION

Based on the foregoing, Flagship and Brown & Brown respectfully request that this Honorable Court deny AGA's motion for reconsideration and/or to vacate the judgment.

          Respectfully submitted,

          FLAGSHIP GROUP LIMITED and
          BROWN & BROWN, INC.,

          By their attorneys,

          /s/ Terri L. Pastori
          Michael J. Stone, Esq., BBO # 482060
          Terri L. Pastori, Esq., BBO #635323
          Peabody & Arnold, LLP
          30 Rowes Wharf
          Boston, MA 02110
          (617) 951-2041

Dated:  August 22, 2007

**CERTIFICATE OF SERVICE**

    I, Terri L. Pastori, hereby certify that on this 22nd day of August 2007, the foregoing document was served on counsel for the plaintiff, Joseph E. Abromovitz, Esquire, Law Offices of Joseph G. Abromovitz, P.C., 858 Washington Street, 3rd Floor, Dedham, MA 02026, by electronic mail.


    /s/ Terri L. Pastori
    Terri L. Pastori

PABOS2:TPASTOR:666723_1
14811-91372